IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,
a Florida not for profit corporation,

      Plaintiff,

vs.                                     CASE NO. 8:11-cv-02014-JDW-TBM

BIG CAT RESCUE
ENTERTAINMENT GROUP,
INC., an Oklahoma Corporation,
G.W. EXOTIC MEMORIAL ANIMAL
FOUNDATION d/b/a Big Cat Rescue
Entertainment Group, an Oklahoma
Corporation, and
JOE SCHREIBVOGEL,
a/k/a Joe Exotic a/k/a Aarron Alex a/k/a
Cody Ryan, individually,

      Defendants.
_____)

## AMENDED COMPLAINT[1]

Plaintiff, BIG CAT RESCUE CORP., a Florida not-for-profit corporation, sues Defendants, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., an Oklahoma corporation, G.W. EXOTIC MEMORIAL ANIMAL FOUNDATION d/b/a Big Cat Rescue Entertainment Group, an Oklahoma Corporation, and JOE SCHREIBVOGEL a/k/a Joe Exotic a/k/a Aaron Alex a/k/a Cody Ryan, individually, and alleges:

### PARTIES

1. Plaintiff, BIG CAT RESCUE CORP. ("BCR Corp"), is a not-for-profit corporation duly organized under the laws of the state of Florida which maintains its

---

[1] Plaintiff Big Cat Rescue Corp. files this Amended Complaint pursuant to Fed.R.Civ.P. 15(a) only days after filing its Initial Complaint and before the Defendants have been served. As a result, Plaintiff Big Cat Rescue Corp. "may amend its pleading once as a matter of course."

principal place of business at 12802 Easy Street, Tampa, Florida 33625. BCR Corp's Chief Executive Office is Carole Baskin.

2. Defendant, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., ("BCR Entertainment"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098.

3. Defendant, G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION ("GWE"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098. In the Spring of 2010, GWE filed the trade names "Big Cat Rescue Entertainment Group Inc." and "The Caroll Baskin Entertainment Group" with the Oklahoma Secretary of State.

4. Defendant JOE SCHREIBVOGEL ("Schreibvogel") is an individual residing in Wynnewood, Oklahoma. At various times, Schriebvogel has employed the following aliases: "Joe Exotic," "Aarron Alex" and "Cody Ryan." Schreibvogel is an incorporator of both BCR Entertainment and GWE. Upon information and belief, Schreibvogel is an officer and shareholder in, and employee of both BCR Entertainment and GWE and all of his actions which are the subject of this lawsuit were undertaken in his capacity as an officer and agent of BCR Entertainment and GWE.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the provisions of 17 U.S.C § 501, 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to the personal jurisdiction of this Court pursuant to the Florida Long Arm Statute, Fla. Stat. § 48.193(2010). Specifically, at all times

relevant, Defendants have continuously and regularly engaged in substantial and not isolated business activities within the State of Florida. Defendants have used and advertised a Florida office and a telephone number in area code 813, and have actively and extensively marketed their businesses in Florida. For example, Defendant BCR Entertainment has advertised that it has a telephone number in area code 813. The website used and promoted by Defendant BCR Entertainment, **www.tigersinneed.org**, recently listed only a Florida office and a telephone number in area code 813. Additionally, Defendants are personally subject to the jurisdiction of this Court because they have committed tortious acts causing injury within the State of Florida by infringing and violating BCR Corp's copyright.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b), 1400(a), & 89(b) and in this Division pursuant to Local Rule 1.02, M.D.Fla. Local Rules.

## **GENERAL ALLEGATIONS**

8. Initially formed in 1995, BCR Corp is a not for profit organization registered with the IRS as a §501(c)(3) entity. The mission of BCR Corp is to provide the best home they can for the animals in their care and to reduce the number of cats that suffer the fate of abuse, abandonment or extinction by teaching people about the plight of the cats, both in the wild and in captivity, and how they can help through their behavior and support of better laws to protect the cats.

9. As part of its mission, BCR Corp engages in a public awareness campaign seeking to call attention to the exploitation of exotic feline animals such as lions and tigers. As part of this campaign, BCR Corp maintains an informational website,

www.bigcatrescue.org, on which it posts information, photographs, and videos, as well as links to such material, including the copyrighted photograph at issue in this action. See attached Exhibit 1.

10. BCR Corp submitted an application for copyright registration of the photograph in Exhibit 1 to the United States Copyright Office, along with the appropriate filing fee and uploaded files. See United States Copyright Office Acknowledgement of Receipt of Copyright Application, Payment Confirmation, and Acknowledgement of Uploaded Deposit, attached as Composite Exhibit 2.

11. As a direct consequence of its public awareness campaign, BCR Corp has incurred the ire of those who seek to profit and reap pecuniary gain from the exploitation of such exotic animals. Among the exploiters of exotic animals that BCR Corp has exposed to public scrutiny are the Defendants.

12. Defendants have been engaged in a counter-campaign of disinformation, misinformation and disparagement seeking to deflect criticism of their exploitative conduct by attempting to diminish the credibility and goodwill of BCR Corp.

13. Defendants have infringed on BCR Corp's copyright of the photograph in Exhibit 1 as outlined below, and on information and belief, Defendants have infringed on BCR' Corp's copyright elsewhere throughout the Internet.

14. On or about August, 2011, Defendants posted video(s) on the website YouTube, at url **http://www.youtube.com/watch?v=MFavfrgWMky**. Defendants' video(s) featured BCR Corp's copyrighted material (Exhibit 1) without BCR Corp's permission or consent. See attached screenshots from Defendants' YouTube video, composite Exhibit 3.

4

15. BCR Corp notified YouTube pursuant to the United States Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, that Defendants' video(s) infringed and violated BCR Corp's copyright. See attached confirmation at Exhibit 4.

16. Pursuant to the DMCA, YouTube notified the Defendants of the claimed infringement, removed the infringing video(s), and afforded the Defendants the opportunity to provide a counter-notification.

17. In their counter-notification, Defendants claimed that the video(s) were removed in error. Schreibvogel's statement, made under penalty of perjury, was false. See attached Exhibit 5.

18. On or about August, 2011, Defendants posted video(s) on the website YouTube, at url **http://www.youtube.com/watch?v=4j07xiU_zss**. Defendants' video(s) featured BCR Corp's copyrighted material (Exhibit 1) without BCR Corp's permission or consent. See attached screenshots from Defendants' YouTube video, composite Exhibit 6.

19. BCR Corp notified YouTube pursuant to the DMCA that Defendants' video(s) infringed and violated BCR Corp's copyright. See confirmation at Exhibit 7.

20. Pursuant to the DMCA, YouTube notified the Defendants of the claimed infringement, removed the infringing video(s), and afforded the Defendants the opportunity to provide a counter-notification.

21. In their counter-notification, Defendants claimed that the video(s) were removed in error. Schreibvogel's statement, made under penalty of perjury, was false. See attached Exhibit 8.

22. Upon information and belief, the Defendants posted the copyrighted photograph at issue (Exhibit 1), adding the offensive caption "Tame Bunnies Killed & Bled

by Order of Carole Baskin to Make Bloodsicles For Her Cats." Defendants' posting featured BCR Corp's copyrighted material (Exhibit 1) without BCR Corp's permission or consent. See Exhibit 9.

23. Upon information and belief, the Defendants posted yet another video showing the copyrighted photograph at issue (Exhibit 1), with a statement preceding the video that "Nothing on this video is copyrighted, Anyone who files a complaint is lying." Defendants' video(s) featured BCR Corp's copyrighted material (Exhibit 1) without BCR Corp's permission or consent. Three screenshots from this video appear at Composite Exhibit 10.

24. On or about September, 2011, Defendants created a new YouTube user profile, posting three new videos at the following urls, showing the copyrighted photograph (Exhibit 1), without BCR Corp's permission or consent: **http://www.youtube.com/watch?v=a3ThFpdBSC4;** **http://www.youtube.com/watch?v=C6r26XPq1Zk;** and **http://www.youtube.com/watch?v=k5YHuWy3--o.** Three screenshots from these respective videos appear at Composite Exhibit 11.

25. BCR Corp notified YouTube pursuant to the DMCA that Defendants' newest video(s), as shown in Exhibit 11, infringed and violated BCR Corp's copyright. See confirmation at Exhibit 12.

26. BCR Corp is awaiting resolution of the DMCA process with respect to Defendants' newest videos shown in Exhibit 11.

27. All conditions precedent prior to bringing this Action have occurred, have been satisfied, or have been waived.

## COUNT I

## Copyright Infringement

28. All paragraphs prior to Count I are incorporated and realleged by reference.

29. This is a suit for copyright infringement and arises under the copyright laws of the United States, namely, Title 17 of the United States Code and more particularly, 17 U.S.C. §§ 501-505, inclusive.

30. BCR Corp holds exclusive rights in its copyright pursuant to 17 U.S.C. § 106.

31. Julie Hanan, the author of the copyrighted material, was the initial owner of the copyrighted material under 17 U.S.C. § 201(a).

32. Hanan transferred all ownership to BCR Corp pursuant to 17 U.S.C. §§ 201(d) and 204(a).

33. Accordingly, BCR Corp may bring this action as the legal owner of the copyright under 17 U.S.C. § 501(b).

34. Defendants' use of BCR Corp's copyrighted material infringes BCR Corp's copyright.

35. Defendants' use of BCR Corp's copyrighted material is not a fair use under 17 U.S.C. § 107.

36. Plaintiff has been damaged by Defendants' infringement of its copyright.

37. Defendants' infringing and violative conduct has caused irreparable and immediate injury to BCR Corp for which it has no adequate remedy at law.

38. Defendants' conduct was willful, intentional and with full knowledge of BCR Corp's superior rights.

## COUNT II

### Misrepresentation under 17 U.S.C. § 512(f)

39.     All paragraphs prior to Count II are incorporated and realleged by reference.

40.     Schreibvogel's false statements under penalty of perjury in his counter-notifications to YouTube are misrepresentations under 17 U.S.C. § 512(f).

41.     BCR Corp has suffered damages as a result of Defendants' violation of 17 U.S.C. § 512(f).

42.     Defendants' conduct was willful, intentional and with full knowledge of Plaintiff's superior rights.

### PRAYER AS TO ALL COUNTS

WHEREFORE, Plaintiff demands:

a.     That Defendants, their agents, servants, employees and, attorneys, and all those persons in active concert or participation with it, be temporarily and thereafter, permanently enjoined and restrained from:

   (1)     Using BCR Corp's copyrighted material in any way whatsoever; and

   (2)     Otherwise infringing the BCR Corp's copyright;

b.     That Defendants be required to recall from their customers and deliver up and destroy all devices, literature and advertising and other material appearing anywhere (including but not limited to the Internet) bearing the infringing material pursuant to 17 U.S.C. § 503(b);

c.     That Plaintiff be awarded its damages and Defendants' profits;

d. That Plaintiff be awarded its statutory damages;

e. That Plaintiff be awarded a reasonable attorney's fee pursuant to 17 U.S.C. § 505;

f. That Plaintiff recover its costs in this action pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(1);

g. That Plaintiff be awarded punitive damages; and

h. That Plaintiff has such other and further relief as this court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted this 7th day of September, 2011.

        /s/ Aleksas A. Barauskas
Frank R. Jakes
Florida Bar No. 372226
E-Mail: FrankJ@jpfirm.com
Aleksas A. Barauskas
Florida Bar No. 0068175
E-Mail: AleksasB@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
TEL: (813) 225-2500
FAX: (813) 223-7118
Attorneys for Plaintiff

145442