UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BIG CAT RESCUE CORP.,**

    **Plaintiff,**

v.   Case No. 8:11-cv-2014 -T-27TBM

**BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., et al.,**

    **Defendants.**
_____/

## O R D E R

THIS MATTER is before the Court on Plaintiff's **Notice of Failure to Comply with Discovery Order and Motion for Sanctions** (Doc. 55), Plaintiff's **Supplemental and Amended Motion for Sanctions** (Doc. 61), and Defendants' response in opposition to both (Doc. 67).[1]

In its **Notice of Failure to Comply with Discovery Order and Motion for Sanctions** (Doc. 55), Plaintiff asserts that Defendants have failed to comply with the Court's November 8, 2012 Order (Doc. 49), compelling Defendants to produce documents in connection with document request numbers 1, 2, 4, 5, 6, 7, 8, 9, and 10 of Plaintiff's First Request for Production of Documents and to provide a verified letter to the extent the renewed search uncovered no additional documents. Plaintiff urges that defense counsel's cover letter

---

[1] Also before the Court is Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Document Requests and Second Set of Interrogatories & Motion for Sanctions (Doc. 35), since the Court deferred ruling on sanctions in its November 8, 2012 Order (Doc. 49).

dated November 15, 2012, the few additional documents produced, the Verified Supplemental Answers to Interrogatories provided, and the "Certification of Exhaustive Review and Production" contain assertions that are "plainly false, contradict the statements made by disinterested third-party web service providers, and ignore this Court's call for open and honest disclosure."  (Doc. 55 at 3).  In its **Supplemental and Amended Motion for Sanctions** (Doc. 61), Plaintiff asserts that despite Defendants' November 14, 2012 "Certification of Exhaustive Review and Production" signed by Defendant Schreibvogel, on January 8, 2013, Defendants sent Plaintiff their proposed exhibit list which contained documents that were being produced for the first time in the instant litigation.  Plaintiff contends that the production includes e-mails with information directly related to previous inquiries made by the Plaintiff, and that the production makes it clear that Defendants' previous disclosures have not been entirely forthright.[2]

    As sanctions, Plaintiff seeks an Order:

    (a) denying Defendants the ability to continue to defend this suit as a result of their bad faith actions in the course of discovery and entering a default against the Defendants in this actions; or alternatively

    (b) holding as established fact that the Defendants' post-suit infringements were willful;

    (c) holding, as established fact, and preventing Defendants from arguing to the contrary, that the following identifiers are in fact used and/or controlled by Defendants in connection with the allegedly infringing conduct: (I) Rachel Ingram; (ii) Kaylee; (iii) Amber Williams; (iv) Ginny Valdalez a/k/a

---

[2] As an example, Plaintiff cites to Defendants' Exhibits 29, 31, 32, and 33.  Plaintiff argues that these emails from the account of ginival@aol.com are an indication that Defendants have access to over one year's worth of communication with ginival@aol.com, and thus their discovery responses are incomplete, inaccurate, and not exhaustive.  (Doc. 61).

>Gini Valdalez; (v) "bigcatbullshit" on YouTube; (vi) "Joe Exotic" on Vimeo; (vii) "Joe Exotic" on LiveLeak; (viii) "suebass2011" on YouTube; (ix) "Joe Exotic" on Buzznet; (x) bigcatrescuelies.blogspot.com; (xi) "joeexotic" on traditionalcircuslife.co.uk; (xii) "joeexotic (STAFF)" on traditionalcircuslife.co.uk; (xiii) "Joe Schreibvogel" on Vimeo; "Bigcatconspeircy" on YouTube; and (xiv) suebass2011@gmail.com;
>
>(d) forcing Defendants to pay Plaintiff's reasonable attorney's fees; and
>
>(e) imposing appropriate monetary sanctions against Defendants and their counsel.

(Doc. 55 at 10-11).

In response, Defendants argue that they complied with the Court's November 8, 2012 Order by providing further verified answers to interrogatories, additional documents, and a notarized certification of exhaustive review and production. Defendants assert that they have provided all information in their possession, and have not engaged in any willful conduct that would justify the relief requested. As for Plaintiff's assertion that Defendants' witness list and subsequent production of exhibits included documents that were not previously produced, Defendants contend that Exhibits 31, 32, 33 were previously produced to Plaintiff prior to the Court's November 8, 2012 Order.[3]  As for Exhibit 29, it was not previously produced because it was not related to the uploading of allegedly infringing content and contained unfounded

---

[3] Defendants also deny Plaintiff's suggestion that they have employed false individuals, "boogeymen," to deflect their responsibility. In particular, they cite to Plaintiff's assertions concerning one Gini Valbuena aka Ginny Valdalez or Gini Valdalez. Defendants urge that despite Plaintiff's protest to the contrary, they have provided what they have related to her, including what contact information they have. They urge that Plaintiff has long known of Ms. Valbuena's identity and contact information, even when accusing Defendants of faking her existence, as demonstrated by the fact that her name and contact information has been listed at least four times on Plaintiff's websites.

3

allegations against Carole Baskin which Defendants are certain Plaintiff would have found objectionable.[4]  *See* (Doc. 67).

Pursuant to Federal Rule of Civil Procedure 37, the Court may impose broad sanctions for a party's failure to make disclosures or to cooperate in discovery in order to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process. *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982).  Under Rule 37(b)(2), sanctions may be granted if there is noncompliance with a court order.  If a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  *See* Fed. R. Civ. P. 37(c)(1).

Upon consideration, Plaintiff's **Notice of Failure to Comply with Discovery Order and Motion for Sanctions** (Doc. 55) and **Supplemental and Amended Motion for Sanctions** (Doc. 61) are **DENIED.**[5]  Plaintiff is correct that the November 8, 2012 Order was predicated in part on the Court's consideration of Plaintiff's own investigation which suggested that there were likely to be additional documents relevant to the litigation that

---

[4]Plaintiff argues that the Court's November 8, 2012 Order was regarding the production of documents related to the uploading of allegedly infringing content.  While the Court's Order did concern such documents, the Court also granted document request number one, which required Defendant to provide, from January 1, 2010, all documents, including but not limited to e-mails to or from Defendants that referenced Plaintiff, including but not limited to Carole Baskin.  It appears that Defendants' Exhibit 29 should have been produced earlier under document request number one.

[5]Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Document Requests and Second Set of Interrogatories & Motion for Sanctions (Doc. 35), in respect to sanctions, is also **DENIED**.

4

existed and should be produced.  Consequently, Defendants were ordered to conduct a renewed investigation and to produce additional documents related to particular requests.  In order to bring the ongoing discovery disputes to a close, the Court also directed that Defendants designate a responsible party to certify, where appropriate, that upon a thorough search there were no additional documents.  Defendants have done so, and while Plaintiff remains suspicious of Defendants' compliance, it has not demonstrated any outright non-compliance of the Court's Order by Defendants.[6]  The sanctions sought by Plaintiff: entering a default against Defendants; holding certain facts to be established, such as that Defendants acted willfully in their post-suit infringement; or preventing Defendants from denying they used or controlled certain identifiers, are reserved for extreme circumstances and are therefore inappropriate here.  *See United States v. Certain Real Prop. Located At Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (internal citation omitted).  As the Court noted in denying parts of Plaintiff's motion for summary judgment, Defendants' responses, in some instances, create questions of fact which will necessarily have to be resolved at trial.  Should it develop at trial that either party has abused the discovery process and/or disobeyed court orders, the matter may again be raised with the Court.  To be sure, at this stage of the proceedings, neither Defendants nor Plaintiff

---

[6]In partial response to the November 8, 2012 Order, defense counsel makes certain representations on behalf of her client, Mr. Schreibvogel. (Doc. 55). While the statements are neither signed nor verified by Schreibvogel, in the circumstances, he is estopped from adopting a different position at trial.

will be permitted to introduce additional documents that go beyond those which have been timely produced or listed on their exhibit lists, unless the failure to do so was substantially justified or is harmless, or unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 37(c)(1).[7]

**Done and Ordered** in Tampa, Florida, this 8th day of February 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[7] It appears that Defendants' Exhibit 29, as listed in the pretrial statement, was not timely produced.  To the extent that Plaintiff objects to the use of this email at trial, it should be excluded.  As for Defendants' Exhibits 31-33, based on defense counsel's representation that such were provided to Plaintiff prior to the November 8, 2012 Order, Plaintiff's objections are overruled.